IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 5, 2002

## STATE OF TENNESSEE v. JEREMY RODRIQUES MCPHEARSON

**Appeal from the Circuit Court for Madison County**
**Nos. 91-704, 92-628, 95-813     Roy B. Morgan, Jr., Judge**

_____

**No. W2002-00416-CCA-R3-CD  - Filed February 3, 2003**

_____

After the defendant, Jeremy Rodriques McPhearson, pled guilty to several unrelated offenses, the trial court ordered an effective sentence of eleven years to be served on supervised probation. When the defendant was arrested and charged with aggravated assault and trespass, the state filed a probation violation warrant. After a hearing, the trial court revoked the defendant's probation and ordered him to serve his original sentence in confinement. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Stephen P. Spracher, Assistant Public Defender, for the appellant, Jeremy Rodriques McPhearson.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; and Jody S. Pickens and Angela R. Scott, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On September 3, 1991, a Madison County grand jury indicted the defendant in case number 91-704 for aggravated assault and Class E felony reckless endangerment. See Tenn. Code Ann. §§ 39-19-102, 39-19-103. Five months later, the trial court granted judicial diversion pursuant to Tennessee Code Annotated section 40-35-313 and ordered two years' probation. On June 6, 1992, the defendant was charged with violating his probation by being arrested for theft of property and by failing to pay restitution and court costs. In July of 1992, in case number 92-628, the defendant was indicted on the charges that led to the probation violation warrant, burglary of a vehicle and theft greater than $500.00. See Tenn. Code Ann. §§ 39-14-402, 39-14-103. Six months later, the defendant pled guilty to burglary of a vehicle and theft under $500. The trial court ordered concurrent sentences of two years and eleven months, twenty-nine days, respectively, to be served

in community corrections.  On that same date, the trial court revoked its grant of judicial diversion in the original case (number 91-704) and the defendant pled guilty to felony reckless endangerment; the aggravated assault charge was dismissed.  The trial court ordered a sentence of two years in community corrections to be served consecutively to the sentences in the second case (number 92-628) for an effective sentence of four years in community corrections.  In 1994, the trial court entered an order transferring the defendant from community corrections to intensive probation.  He was later transferred to regular probation.

On September 14, 1995, the defendant's probation officer filed a violation warrant alleging that the defendant had failed to report, had refused visitation by the probation officer, and had committed additional crimes, having been arrested for aggravated burglary, aggravated assault, evading arrest, and trespassing.  In 1996, in case number 95-813, the defendant pled guilty to aggravated assault, vandalism under $500, aggravated criminal trespass, and evading arrest.  See Tenn. Code Ann. §§ 39-13-102, 39-14-408, 39-14-406, 39-16-603.  The trial court ordered concurrent sentences of seven years for the aggravated assault and 11 months, 29 days each for the vandalism, trespass, and evading arrest.  All but six months of the sentences, which were ordered to be served consecutively to those in each of the first two cases, were suspended.  On that same date, the trial court revoked the defendant's probation in case numbers 91-704 and 92-628 but ordered a new four-year term of intensive probation, for an effective sentence of eleven years' probation in all three cases.  In the summer of 1997, the trial court transferred the defendant to regular probation.  In 2001, the defendant's probation officer filed a warrant alleging that the defendant had failed to pay fees, had unlawfully possessed a firearm, and had new charges for aggravated assault, trespass, and violation of a protective order.

At the revocation hearing which is the subject of this appeal, Tina Cole, a state witness, testified that she and the defendant had dated at one time and had a son together.  Within the last six months, however, she had stopped seeing the defendant and obtained an order of protection against him.  During her period of employment at Forest Cove Nursing Home in Jackson, she dated a co-worker named Alex McKinney.

Lisa Vandiver, an LPN and charge nurse at the Forest Cove Nursing Home, testified that at approximately 5:00 p.m. on December 2, 2001, the defendant accosted McKinney at the nursing home.  She testified that the defendant cursed and struck McKinney, who fled.  When the defendant placed a black handgun less than one inch from McKinney's head, Ms. Vandiver ran to her desk and telephoned 911.

The defense presented alibi evidence.  Antonio Douglas claimed that the defendant was at his residence in Bolivar at the time of the incident and that he and the defendant later attended a house party, where they stayed until approximately midnight.  Marquitus McPhearson, the defendant's brother, testified that the defendant telephoned him at approximately 5:00 p.m. on the date of the incident and invited him to a party in either Bolivar or Whiteville.  McPhearson swore that he saw the defendant there from approximately 7:00 p.m. until midnight.

Mary Carter, the defendant's mother, testified that she left a message for the defendant at his girlfriend's residence in Bolivar, where he was living on December 2, 2001. She claimed that he called her back at approximately 4:40 p.m., just prior to the incident involving McKinney.

The defendant claimed that he was not at Forest Cove Nursing Home and denied assaulting Alex McKinney. He insisted that on the date of the incident, he was at the residence of Antonio Douglas in Bolivar and later attended a house party in that town from 5:00 or 5:30 p.m. until midnight. He estimated that Bolivar was a fifty-minute drive from Jackson. The defendant acknowledged that he had dated Tina Cole for about five years and that they had a child together. He also acknowledged that he had heard that Ms. Cole and McKinney were dating, but claimed that he had no reason to be angry because he had ended his relationship with Ms. Cole a year earlier.

On rebuttal, Mica Starr, the defendant's probation officer, testified that she listed the defendant's address as 245 Greenfield Drive in Jackson. She stated that the defendant had never requested a transfer and that no one had informed her that he was residing in Bolivar.

Finally, Robert Leon White, Jr., another employee at the Forest Cove Nursing Home, testified that on the afternoon of the date in question, he observed the defendant, accompanied by two black males, running down the hallway of the facility armed with a gun. White, who reacted to the incident by moving the nursing home residents back to their private rooms and out of harm's way, recalled that a week earlier he had seen the defendant at the nursing home.

At the conclusion of the hearing, the trial court revoked probation and ordered the defendant to serve the sentences originally imposed. Accrediting the state's witnesses, it found by a preponderance of the evidence that the defendant had "failed to obey the law" by committing the offenses at the nursing home.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (Supp. 2001); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Here, the defendant has been unable to establish that the trial court abused its discretion by revoking his probation. The record reflects that the defendant was first placed on probation in 1992, when he was granted judicial diversion for aggravated assault and felony reckless endangerment. The defendant was unable to successfully complete the judicial diversion program but was again

placed on probation after pleading guilty to automobile burglary and theft. In 1996, the defendant pled guilty to aggravated assault, vandalism, aggravated criminal trespass, and evading arrest, again receiving an alternative sentence. Although the trial court revoked the defendant's probation for the prior offenses, the probation was reinstated on the same date.

In this appeal, the defendant claims that the record is insufficient to establish a violation as to the Forest Cove Nursing Home on December 2, 2001. We disagree. Lisa Vandiver testified that she observed the defendant strike Alex McKinney and hold a black handgun to his head. Robert Leon White, Jr., testified that he observed the defendant, whom he had previously seen in the nursing home, running down a hallway with a gun. The trial court, which observed the witnesses and heard their testimony firsthand, accredited the testimony of the state's witnesses. In short, the record supports a finding by a preponderance of the evidence that the defendant had violated the terms of his probation by his violation of the law.

Accordingly, the judgment of the trial court is affirmed.

 

 

_____
GARY R. WADE, PRESIDING JUDGE